IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

| | |
|---|---|
| NATIONAL ELITE TRANSPORTATION, LLC, a Delaware limited liability company,<br><br>Plaintiff,<br><br>vs.<br><br>ANGEL FOOD MINISTRIES, INC., a Georgia Corporation, and WESLEY JOSEPH WINGO,<br><br>Defendants. | CIVIL ACTION FILE NO.<br>3:11-cv-41 |

**DEFENDANTS' REPLY TO PLAINTIFF'S
RESPONSE TO DEFENDANTS' MOTION TO DISMISS**

Defendants Angel Food Ministries, Inc. ("AFM") and Wesley Joseph Wingo ("Pastor Wingo") hereby reply to plaintiff's response [Doc. 11] to defendants' motion to dismiss for failure to state a claim upon which relief may be granted. [Doc. 7], as renewed.[1]

---

[1] Following the filing of defendants' motion to dismiss, plaintiff filed an amended complaint. [Doc. 12.] To avoid procedural confusion, defendants are renewing their motion with respect to the amended complaint. For the sake of judicial economy, defendants have proceeded with this reply brief, which takes into account the amended complaint.

Although plaintiff has filed an amended complaint [Doc. 12], deficiencies in the complaint have not been remedied.[2]

**1. The Negligent Misrepresentation Claim (Count IV)**

We begin with the negligent misrepresentation claim, because plaintiff gratuitously and inexplicably accuses defendants of having "misled" the Court. Pl's Br. p. 6.

In defense of its negligent misrepresentation claim, plaintiff first asserts, "[n]egligent misrepresentation is not akin to claim for fraud." Pl's Br. p. 14. The Georgia Supreme Court disagrees. Holmes v. Grubman, 286 Ga. 636, 640-41 691 S.E.2d 196, 200 (2010) (except for knowledge of falsity, "the same principles apply to both fraud and negligent misrepresentation cases").

Plaintiff asserts that its negligent misrepresentation claim is based on the "misrepresentation" that plaintiff would be compensated as specified in the contract. In other words, plaintiff asserts that the contractual promise, which plaintiff alleges was breached, is the "misrepresentation."[3] As noted in our primary brief, it is established that, "[f]raud cannot be predicated upon statements which are promissory in their nature as to

---

[2] Plaintiff asserts that it always pled counts in the alternative, citing the ad damnum clause in its original complaint. But the problem with plaintiff's original complaint is that it contained the classic – and condemned – "shotgun pleading" where all previous paragraphs of the complaint were incorporated in each count seriatim. See, e.g., Byrne v. Nezhat, 261 F.3d 1075 (11th Cir. 2001). This meant that plaintiff *actually pled* an express contract in counts sounding in quasi-contract. The amended complaint no longer adopts the allegations of Count I into every other count.

[3] Thus, plaintiff argues that its negligent misrepresentation claim is not precluded by the merger clause, because the alleged misrepresentation is in the contract itself.

future acts." Craft v. Drake, 244 Ga. 406, 260 S.E.2d 475 (1979); *accord, e.g.* Heretyk v. P.M.A. Cemeteries, Inc., 272 Ga. App. 79, 81, 272 S.E.2d 79 (2005) ("A promise of future payment, without more, does not constitute fraud").[4]  The general rule is that actionable fraud cannot be predicated upon promises to perform some act in the future.  Nor does actionable fraud result from the mere failure to perform promises made.  Otherwise any breach of contract would amount to fraud.  *E.g.*, Techbios, Inc. v. Champagne, 301 Ga. App. 592, 688 S.E.2d 378 (2009).  If plaintiff were allowed to assert its negligent misrepresentation claim in this case, every simple breach of contract would result in a tort claim for fraud or negligent misrepresentation.

Since fraud cannot be premised on a mere breach of contract, and the same principles applicable to fraud claims apply to negligent misrepresentation claims, Holmes, *supra*, it follows that a negligent misrepresentation claim cannot be premised on a mere breach of contract – especially when the alleged breach is a simple failure to pay.

**2. The Promissory Estoppel Claim (Count II)**

Plaintiffs allege that Pastor Wingo may be liable on a theory of promissory estoppel if the contract fails, citing allegations in the complaint that formulaically recite the elements of promissory estoppel, and allege involvement by both defendants in a conclusory fashion (*e.g.*, "Angel Food and Wingo promised to pay…").  The flaw in plaintiff's theory is the long-established rule that "[a]n agent for a disclosed principal

---

[4]  In a footnote, plaintiff cites the principle that a fraud claim may exist where the promisor knows that the future event will not take place.  That principle has no application here, however, for the obvious reason that plaintiff is not alleging that the defendants made a *knowing* misrepresentation.

who acts within his authority and in a representative capacity cannot be held liable in an action against him for a contract made by him as an agent for the principal." Weaver v. Ralston Motor Hotel, Inc., 135 Ga. App. 536, 539, 218 S.E.2d 260 (1979).

That Pastor Wingo's involvement in the facts giving rise to this case was merely that of an agent for a disclosed principal cannot be disputed. Plaintiff expressly alleges, "Wingo negotiated the terms and conditions of the contract on behalf of Angel Food"; and "Wingo signed the contract on behalf of Angel Food." Amd. Compl. ¶¶ 12, 13. Pastor Wingo, who plaintiff admits was acting in his representative capacity, thus did not make an alleged "promise" individually.[5] Moreover, plaintiff certainly would not have been justified relying on such a promise (if it existed) – it is absurd to believe that Pastor Wingo would have personally promised to pay for shipping services to be rendered to AFM.

The purported contract on which plaintiff relies does not contain a promise by Pastor Wingo that he would pay for *anything*. Paragraph 6 of the agreement ("Payment") in fact states in pertinent part, "NATIONAL ELITE will charge and SHIPPER [AFM] will pay the ratios and charges to be mutually agreed to and to be set forth in Appendix A for transportation services performed under this Agreement," and Appendix A in turn states, in pertinent part, "AFM will compensate NCI 30% on all rate savings secured as an incentive." Without a promise, there can be no promissory estoppel. *See* O.C.G.A. § 13-3-44(a).

---

[5] It is worth noting that even in plaintiff's brief it is stated, "Angel Food has refused to make any payments to NET under the rate savings incentive program…." Pl's Br., p. 5.

### 3. The Unjust Enrichment Claim (Count III)

Plaintiff's assertion that an unjust enrichment action sounds in equity is mistaken. While the doctrine of unjust enrichment is premised on equitable principles, the action is for *damages*, not equitable remedies.  *See generally*, Gulf Life Ins. Co. v. Folsom, 806 F.2d 225 (11th Cir. 1986), s.c. 256 Ga. 400, 349 S.E.2d 368 (1986) (action in implied assumpsit[6] "is a substitute for a suit in equity"); Cantrell v. Henry County, 250 Ga. 822, 301 S.E.2d 870 (1983) (action in implied assumpsit or quasi-contract are legal remedies).[7]

In any event, plaintiff continues to fail to allege how Pastor Joe was "unjustly enriched."  Paragraph 8 of the amended complaint states: "NET *and Angel Food* entered into a SHIPPER/BROKER TRANSPORTATION AGREEMENT pursuant to which NET agreed to arrange for freight transportation and Angel Food agreed to utilize the services of NET to arrange transportation *of Angel Food's freight*."  (Emphasis added.)  No facts are pled as to how Pastor Joe, an individual, was unjustly enriched from the carriage of freight for Angel Food, his principal.  *See* Scott v. Mamari Corp., 242 Ga. App. 455, 530 S.E.2d 208 (2000) (no unjust enrichment claim since neither defendant received direct benefit of plaintiff's act).

---

[6]  An action for unjust enrichment "rests upon the same general principles as a suit for money had and received."  Trust Co. v. S&W Cafeteria, 97 Ga. App. 268, 103 S.E.2d 63 (1958).

[7]  These same principles show that a promissory estoppel claim likewise is not a claim in equity.

## CONCLUSION

On the basis of the foregoing law and argument, and that set forth in defendants' initial brief, defendants respectfully request that the motion be GRANTED.

Respectfully submitted this 9th day of May, 2011.

                                                COOK, NOELL, TOLLEY & BATES, LLP
                                                                          s/ Edward D. Tolley
                                                                           EDWARD D. TOLLEY
                                                                           Attorney for Angel Food
                                                          Ministries, Inc. & Wesley Joseph Wingo
                                                                           State Bar No. 714300

Post Office Box 1927
Athens, Georgia 30603-1927
706.549.6111

                                             CHILIVIS, COCHRAN, LARKINS & BEVER, LLP
                                                                     s/ John K. Larkins, Jr.
                                                                     JOHN K. LARKINS, JR.
                                                                   Attorney for Angel Food
                                             Ministries, Inc. & Wesley Joseph Wingo
                                                                  State Bar No. 438425

3127 Maple Drive, N.E
Atlanta, Georgia 30305
404.233.4171

                                                        HALL, BOOTH, SMITH & SLOVER, P.C.
                                                                        s/ John E. Hall
                                                                           JOHN E. HALL
                                                                    Attorney for Angel Food
                                             Ministries, Inc. & Wesley Joseph Wingo
                                                                  State Bar No. 319090

191 Peachtree Street, NE, Suite 2900
Atlanta, Georgia 30303-1740
404.954.5000

                                                        HALL, BOOTH, SMITH & SLOVER, P.C.
                                                                  s/ Malcolm C. McArthur
                                                               MALCOLM C. McARTHUR
                                                                   Attorney for Angel Food

    Ministries, Inc. & Wesley Joseph Wingo
    State Bar No. 480750

440 College Avenue North, Suite 120
Athens, Georgia 30601-2773
706.316.0231

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

| | | |
|---|---|---|
| NATIONAL ELITE TRANSPORTATION, LLC, a Delaware limited liability company, | ) ) ) | |
| | ) | CIVIL ACTION FILE NO. |
| Plaintiff, | ) | 3:11-cv-41 |
| | ) | |
| vs. | ) | |
| | ) | |
| ANGEL FOOD MINISTRIES, INC., a Georgia Corporation, and WESLEY JOSEPH WINGO, | ) ) ) | |
| | ) | |
| Defendants. | ) | |

**CERTIFICATE OF SERVICE**

I hereby certify that on May 9, 2011, I electronically filed with the Clerk of Court using the CM/ECF system the following document: DEFENDANTS' REPLY TO PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION TO DISMISS. This system will automatically send email notification of such filing to the attorneys of record.

**COOK, NOELL, TOLLEY & BATES, LLP**
s/ Edward D. Tolley
EDWARD D. TOLLEY
Attorney for Angel Food
Ministries, Inc. & Wesley Joseph Wingo
State Bar No. 714300

Post Office Box 1927
Athens, Georgia 30603-1927
706.549.6111

8