THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

| | | |
|---|---|---|
| NATIONAL ELITE TRANSPORTATION, LLC, a Delaware limited liability company, | : : : : | |
| Plaintiff, | : : | |
| v. | : : | Civil Action No. 3:11-CV-41(CAR) |
| ANGEL FOOD MINISTRIES, INC., a Georgia Corporation, and WESLEY JOSEPH WINGO, | : : : : | |
| Defendants. | : : : | |

**ORDER ON DEFENDANTS' PARTIAL MOTION TO DISMISS**

Before the Court is the Motion to Dismiss [Doc. 7 & 16] filed by Defendants Angel Food Ministries, Inc. ("Angel Food"), and Wesley Wingo ("Wingo"). Through this Motion, Defendants move, pursuant to Fed. R. Civ. P. 12(b)(6), to dismiss Counts II, III, IV, and V of Plaintiff's Amended Complaint for failure to state a claim upon which relief may be granted.[1] Having considered the pleading and the briefs filed, the Court finds that Defendants' Partial Motion to Dismiss is due to be **GRANTED** in part and **DENIED** in part. Count IV of the Amended Complaint and all claims against Defendant Wingo are dismissed. Counts II, III, and V of the Amended Complaint, however, may proceed as alleged against Defendant Angel Food.[2]

---

[1] Following the filing of Defendants' original Motion to Dismiss [Doc. 7], Plaintiff filed an Amended Complaint [Doc. 12]. To avoid procedural confusion, Defendants renewed their Motion [Doc. 16] with respect to the Amended Complaint and filed a reply brief which takes into account the Amended Complaint.

[2] Defendants did not move to dismiss Count I, which states a breach of contract claim against Defendant Angel Food. Thus that claim also remains.

1

## STANDARD OF REVIEW

In considering dismissal of claims under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a district court must accept the allegations set forth in the complaint as true and construe facts in the light most favorable to the plaintiff. See Kirby v. Siegelman, 195 F.3d 1285, 1289 (11th Cir. 1999) (per curiam). A "complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations;" however, "a plaintiff's obligation to provide the grounds of his entitle[ment] to relief requires more than labels and conclusions." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 545 (2007) (internal quotation marks and citation omitted). "Factual allegations must be enough to raise a right to relief above the speculative level." Id.

Moreover, on a motion to dismiss, the court's function is not to assess the veracity or weight of the evidence; the court must merely determine whether the complaint is legally sufficient. See Sherman v. Helms, 80 F. Supp. 2d 1365, 1368 (M.D. Ga. 2000). Accordingly, the issue is whether the plaintiff is entitled to present evidence in support of his claims, not whether those claims will ultimately succeed. See Little v. City of N. Miami, 805 F.2d 962, 965 (11th Cir. 1986). Because this standard imposes such a heavy burden on the defendant, Rule 12(b)(6) motions are rarely granted. See Washington v. Dep't of Children & Families, 256 F. App'x 326, 327 (11th Cir. 2007); Beck v. Deloitte & Touche, 144 F.3d 732, 735-36 (11th Cir. 1998).

## FACTUAL ALLEGATIONS

The present case arises out of an alleged breach of contract. In its Amended Complaint, Plaintiff National Elite Transportation ("NET") alleges that it entered into a "Shipper/Broker Transportation Agreement" with Defendant Angel Food on October 24, 2008. In this document, NET agreed to arrange freight transportation for Angel Food, and Angel Food agreed to utilize the services of NET to arrange for transportation of its freight. Pursuant to the terms and conditions of

the contract, Angel Food was required to pay NET the cost of each shipment brokered by NET plus a 20% administrative fee ( referred to as a "cost plus 20%" agreement). The contract also contained a "rate savings incentive provision," which required that Angel Food compensate NET 30% of all rate savings secured. The parties included the rate savings provision so that NET would have an incentive to broker shipments of Angel Food's freight at the best possible rate. Defendant Wingo negotiated and signed the contract on behalf of Angel Food.

In reliance on this provision and Defendant Wingo's representations that the rate savings incentive compensation would be paid, NET brokered freight shipments on behalf of Defendants and aggressively negotiated lower rates with carriers to save Angel Food substantial shipping costs. During the twelve-month term of the contract, NET earned not less than $ 1,000,000.00 under the rate saving incentive provision. However, Defendants never paid NET under the rate saving incentive provision, and to date Defendants have refused to compensate NET under the provision despite NET's repeated requests for payment. Defendants now contend that there was no meeting of the minds among the parties – regarding the rate saving incentive provision – when the contract was formed and that the provision is thus unenforceable.

## DISCUSSION

NET's Complaint is pled in five Counts: I (breach of contract); II (promissory estoppel); III (unjust enrichment); IV (negligent misrepresentation); and V (attorney fees). The first Count is pled against Defendant Angel Food alone; the remaining Counts are pled against both Defendants. Defendants have moved to dismiss Counts II, III, IV, and V of the Amended Complaint for failure to state a claim upon which relief may be granted, pursuant to Fed. R. Civ. P. 12(b)(6). For the reasons discussed below, the Court finds that Count IV and all claims against Defendant Wingo are

due to be dismissed. Counts II, III, and V of the Amended Complaint, however, may proceed as pled against Defendant Angel Food. The Court will discuss each of the challenged Counts in turn below.

    A. Count II - Promissory Estoppel

In Count II of the Amended Complaint, NET attempts to state a claim against both Defendants for promissory estoppel. To state a promissory estoppel claim under Georgia law, a plaintiff must allege that (1) the defendants made certain promises, (2) the defendants should have expected that the plaintiff would rely on such promises, (3) the plaintiff did in fact rely on such promises to his detriment, and (4) injustice can be avoided only by enforcement of the promise. Houston v. Houston, 267 Ga. App. 450, 451 600 S.E.2d 395 (2004); Kamat v. Allatoona Federal Sav. Bank, 231 Ga. App. 259, 263, 498 S.E.2d 152 (1998); see also, OCGA § 13-3-44(a).

In the Motion to Dismiss, Defendants to do not challenge whether NET has alleged facts supporting each of these elements with respect to Defendant Angel Food. Indeed, the Amended Complaint alleges that "Angel Food and Wingo promised to pay NET a rate savings incentive of 30% on each shipment that was brokered by NET on behalf of Angel Food at a rate below the published shipping rate for that particular route," and that Defendants "knew or should have reasonably expected" that the promise to pay rate savings incentives would "induce NET to broker and arrange for the shipments of Angel Food's freight at negotiated rates lower than the published rates." The Complaint further alleges that this alleged promise in fact induced NET to negotiate lower rates with carriers and that "[b]ut for this . . . provision, NET would have earned greater compensation rates by brokering and arranging for the shipments of Angel Food's freight at higher rates in light of the 'cost plus 20%' compensation provision." NET thus sufficiently alleges that it brokered and arranged for the shipment of Angel Food's freight at lower rates and reasonably relied, to its detriment, on Angel Food's written promise to pay rate savings incentive compensation.

4

In their Motion, however, Defendants argue that this Count must be dismissed as to Defendant Wingo because the Complaint alleges only that Wingo acted as an agent of Angel Food and pleads no facts supporting a claim against Wingo personally. The Court agrees.

Under Georgia contract law, an agent assumes no personal liability when he acts for a disclosed principal within the scope of his authority; his actions are deemed to be those of the principal, who is alone liable in contract. Candler v. Clover Realty Co., 125 Ga. App. 278, 280, 187 S.E.2d 318 (1972). Thus, if during contract negotiations, a principal is disclosed and the agent professes to act for the principal when negotiating a contract, the form in which the agent acts is immaterial and the act will be held to be the act of the principal. Eayrs v. Absolute Roofing, Inc., 300 Ga. App. 825, 826, 686 S.E.2d 432 (2009); O.C.G.A. § 10-6-23. The agent cannot be held personally liable for any subsequent breach of the contract even if a plaintiff later contends that he thought he was dealing with the agent as an individual. Eayrs, 300 Ga. App. at 826.

Though here the Amended Complaint technically pleads all elements of a promissory estoppel claim against both Defendants and alleges that "Wingo represented . . . that the rate savings incentive compensation would be paid," NET does not allege that Defendant Wingo is personally liable for Angel Food's debt or that Wingo otherwise personally guaranteed that Angel Food would make the rate savings incentive payments. Rather, when read as a whole, the Amended Complaint alleges that NET and Angel Food, not Wingo, entered into the Shipper/Broker Transportation Agreement and that Wingo negotiated and signed the agreement "on behalf of" Angel Food. There is no allegation in the Amended Complaint that Defendant Wingo promised to pay the rate incentive compensation himself. Nor is there an allegation of any "agreement" between NET and Wingo other than the one Wingo negotiated "on behalf of" Angel Food.

5

Because the Amended Complaint fails to allege that Defendant Wingo made any promise other than what he negotiated as an agent of Angel Food, Defendants' Motion to Dismiss the promissory estoppel claim again Defendant Wingo is due to be granted. See Fitzgerald Forest Prods., L.P. v. Durand Raute Corp. of Oregon, , 932 F. Supp. 293, 295 (M.D. Ga. 1996) (finding that plaintiffs may not seek to impose liability upon defendant where he only acted as an agent for a disclosed principal). The Complaint does not include sufficient allegations demonstrating that Defendant Wingo made any promises to NET for which he can be held personally liable.

Defendants also contend that NET's promissory estoppel claim against Angel Food must be dismissed because promissory estoppel cannot exist where there is a contract on the subject. Adkins v. Cagle Foods JV, LLC, 411 F.3d 1320 (11th Cir. 2005) ("[W]here a plaintiff seeks to enforce an underlying contract which is reduced to writing, promissory estoppel is not available as a remedy"). Mitsubishi Int'l Corp. v. Cardinal Textile Sales, Inc., 14 F.3d 1507, 1518-19 (11th Cir. 1994) ("It is axiomatic that equitable relief is only available where there is no adequate remedy at law."); O.C.G.A. § 23-1-4. Defendants are correct about the law, and the Amended Complaint in this case indeed alleges that a valid written agreement existed and states a claim for breach of contract.

"Other district courts have held, however, that dismissing an equitable count at this early stage is not appropriate 'merely because [a claimant] is prohibited under Georgia law from recovering under a breach of contract theory and [an equitable theory]." Manhattan Const. Co. v. McArthur Elec., Inc., 2007 WL 295535 * 9 (N.D. Ga. Jan. 30, 2007) (quoting McBride v. Life Ins. Co. of Va., 190 F. Supp.2d 1366, 1378 (M.D. Ga.2002); Original Appalachian Artworks, Inc. v. Schlaifer Nance & Co., 679 F. Supp. 1564, 1579 (N.D. Ga.1987)). Though a plaintiff "cannot recover under both legal and equitable claims" at trial, he can certainly state claims under both

theories in his complaint and later "be required at trial to elect under which of these remedies it wishes to proceed.'" Id.

In this case, the Amended Complaint clearly alleges that Defendants contest whether the written rate saving incentive compensation agreement is valid, and NET pled its promissory estoppel claim "in the alternative" to its claim for breach of contract. The Court finds, therefore, that it would be inappropriate to dismiss NET's promissory estoppel claim at this time. If the contract provision at issue is ultimately deemed to be unenforceable, Plaintiff has the right to pursue a claim of promissory estoppel. See Goldstein v. Home Depot U.S.A., Inc., 609 F. Supp.2d 1340, 1347 (N.D. Ga. 2009) (explaining that a party may plead equitable claims in the alternative when one or more of the parties contests the existence of an express contract governing the subject of the dispute).

B. Count III – Unjust Enrichment

In the next Count of the Amended Complaint, NET attempts to state claims against both Defendants for unjust enrichment. Defendants argue that these claims are also due to be dismissed because the Complaint does not contain sufficient allegations against Defendant Wingo and because the claim cannot exist where there is an express written contract.

"The theory of unjust enrichment applies when there is no legal contract and when there has been a benefit conferred which would result in an unjust enrichment unless compensated." Smith Service Oil Co., Inc. v. Parker, 250 Ga. App. 270, 281, 549 S.E.2d 485 (2001) (quoting Cochran v. Ogletree, 244 Ga. App. 537, 538-539, 536 S.E.2d 194 (2000)). In this case, the Amended Complaint alleges that "NET brokered freight on behalf of Angel Food and Wingo pursuant to the rate savings incentive program contained in the contract;" that NET's efforts "saved Angel Food and Wingo substantial shipment costs;" and that "Angel Food and Wingo" were unjustly enriched by the benefit of such savings when they failed to compensate NET for the rate savings it procured. The

7

Complaint thus sufficiently describes how Defendant Angel Food was allegedly enriched: Angel Food enjoyed the benefit of lower cost without fulfilling its alleged obligation to compensate NET for procuring the lower shipping rates.

However, the Complaint does not describe how Defendant Wingo received a financial windfall through the cost savings enjoyed by Angel Food. NET's conclusory allegation that "Angel Food and Wingo readily accepted the benefit of such savings" does not identify any benefit Wingo received or describe how he independently benefitted from Angel Food's cost savings. Again, while the Amended Complaint technically pleads all elements of the claim against both Defendants, NET's obligation to provide the grounds upon which it is entitled to relief against Wingo requires more than mere labels and conclusions. Bell Atl. Corp., 550 U.S. at 545. NEC can not simply attach Defendant Wingo's name to all of the allegations against Angel Food and state a cognizable claim for unjust enrichment against Defendant Wingo. "[T]he pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." 5 C. *Wright & A. Miller, Federal Practice and Procedure* § 1216, pp. 235-236 (3d ed. 2004).

To state an unjust enrichment claim against Defendant Wingo individually, NEC must have pled enough facts to raise a reasonable expectation that discovery will reveal evidence of an actual benefit conferred on Defendant Wingo. It has failed to do so here. The Amended Complaint does not allege that NET conferred an actual benefit on Defendant Wingo apart from the cost savings benefit enjoyed only by Angel Food. There are no allegations that NET brokered freight transportation on behalf of Defendant Wingo personally or that Defendant Wingo personally benefitted when Angel Food allegedly breached the terms of its agreement. Rather, the factual allegations in Amended Complaint suggest that Wingo acted only as an agent of Angel Food in this case and was thus not conferred any individual benefit for which NET was not compensated.

Accordingly, the Court finds that NET failed to state a claim for unjust enrichment against Defendant Wingo. Defendants' Motion to Dismiss this claim against Defendant Wingo is due to be granted. See Smith Service Oil Co., Inc. v. Parker, 250 Ga. App. 270, 271, 549 S.E.2d 485 (2001) (finding that plaintiff failed to state a claim for unjust enrichment absent an allegation that plaintiff conferred a benefit on defendant for which it has not been compensated).

The present Motion must be denied, however, with respect to the unjust enrichment claim against Defendant Angel Food. In their Motion, Defendants argue that NET's unjust enrichment claims must be dismissed because a contract exists. As discussed with respect to NET's promissory estoppel claim, this argument has no merit. Like promissory estoppel, "[u]njust enrichment is an equitable concept." St. Paul Mercury Ins. Co. v. Meeks, 270 Ga. 136, 137, 508 S.E.2d 646 (1998)), and "an alternative theory of recovery if a contract claim fails." Tidikis v. Network for Med. Comms. & Research, LLC, 274 Ga. App. 807, 811, 619 S.E.2d 481 (2005). It would, therefore, be inappropriate to dismiss NET's unjust enrichment claim at this early stage "merely because [NET] is prohibited under Georgia law from recovering under a breach of contract theory and an unjust enrichment theory." McBride, 190 F. Supp.2d at 1378 (denying summary judgment on unjust enrichment claim, because "[a]t trial the jury will be instructed that [p]laintiff may recover on his . . . unjust enrichment claim only if the jury finds that there was no breach of contract"). NET is entitled to proceed with the both theories at this stage.

C. Count IV – Negligent Misrepresentation

In Count IV, NET attempts to state a claim for a "negligent misrepresentation." To state a valid claim for negligent misrepresentation, a plaintiff must allege that (1) the defendant negligently supplied of false information; (2) the plaintiff reasonably relied upon that false information; and (3) the plaintiff suffered an economic injury proximately resulting from such reliance. Smiley v. S &

J Investments, 260 Ga. App. 493, 498, 580 S.E.2d 283 (2003) (citation omitted). In other words, a complaint sufficiently states a claim for negligent misrepresentation if it alleges that the defendant supplied false information to the plaintiff upon which it reasonably relied, and as a result, the plaintiff suffered damages. Sarif v. Novare Group, Inc., 306 Ga. App. 741, 745, 703 S.E.2d 348 (2010); Byung Ho Cheoun v. Infinite Energy, Inc., 363 Fed. Appx. 691, 695 (11th Cir. 2010). Contrary to Defendants' assertions, there is no "heightened pleading requirement" to state a claim for negligent misrepresentation. See Fed. R. Civ. P. 9 (requiring only that "the circumstances constituting fraud or mistake" be stated with particularity); Kingdom Ins. Group, LLC v. Cutler and Associates, Inc., 2011 WL 2144791 * 5 n.1 (M.D.Ga., May 31, 2011) ("At this time, the Eleventh Circuit does not require heightened pleading for a claim of negligent misrepresentation.").

Here, the Amended Complaint alleges: that Defendants "Angel Food and Wingo represented to NET that they would compensate NET through the rate savings incentive provision;" that "NET relied on the representation of Defendants and aggressively negotiated lower freight shipment rates;" that this reliance was "justified and reasonable;" and that "NET has been damaged by the misrepresentations" of Defendants in an amount not less than $1,000,000.00.

In the Motion to Dismiss, Defendants again contend that the Amended Complaint fails to make sufficient allegations against Defendant Wingo personally. Unlike the prior claims discussed, however, negligent misrepresentation is tort; and an "employer and employee are jointly and severally liable for the employee's torts committed within the scope of his employment." Dumas v. ACCC Ins. Co., 2009 WL 5209498 * 4 (N.D.Ga. April 6, 2009) (citing Gateway Atlanta Apartments, Inc. v. Harris, 290 Ga. App. 772, 660 S.E.2d 750, 755 (2008)). Thus, both Angel Food and Wingo can be held liable for any negligent misrepresentation made by Wingo during the

10

contract negotiation. NET's compound allegations are sufficient to state a tort claim against both Defendants.

Defendants additionally contend, however, that the Amended Complaint also fails to state a claim for negligent misrepresentation because such a claim must be based upon misrepresentations related to a pre-existing or present fact and not a promise of future conduct. See Snapping Shoals Elec. Membership Corp. v. RLI Ins. Corp., 2005 WL 3434803 *6 (N.D. Ga. Dec. 14, 2005). The Court agrees. As one court has explained,

> The typical action for negligent misrepresentation . . . involves a representation of an existing fact, not a representation of future intent. While it is possible to be negligent in failing to ascertain the truth or falsity of an existing fact, it is impossible to be negligent in failing to ascertain the truth or falsity of one's own future intentions. One cannot negligently represent his or her own state of mind. See *Restatement (Second) of Torts* § 530 cmt. b (1977). Even if one states an intent to act in a certain manner and is merely uncertain if one intends to act in that manner, the statement is not negligent but deceitful because one knows about the uncertainty of one's future intent.

Jacobs Mfg. Co. v. Sam Brown Co., 792 F. Supp. 1520, 1528, (W.D. Mo. 1992), rev'd on other grounds, 19 F.3d 1259 (8th Cir. 1994). This in fact appears to be the common law rule in most jurisdictions. See e.g., Nissan Motor Acceptance Corp. v. Dealmaker Nissan, LLC, 2011 WL 94169 *3 (N.D.N.Y. Jan. 11, 2011) ("[S]tatements that are promissory in nature, and relate solely to future conduct and events, are not actionable on a negligent misrepresentation or fraud theory."); Allstate Life Ins. Co. v. Robert W. Baird & Co., Inc., 756 F. Supp.2d 1113, 1168 (D. Ariz. 2010) ("future promises and projections are not actionable under a negligent misrepresentation theory"); GEM Indus., Inc. v. Sun Trust Bank, 700 F. Supp.2d 915, 925 (N.D. Ohio 2010) ("GEM's negligent misrepresentation claim fails because it has only claimed negligence relating to a future promise, rather than a present or existing fact.").

11

NET's negligent misrepresentation claim is plainly based, not on a pre-existing fact, but on a promise of future payment under the rate incentive compensation provision. Of course, "the general rule cited by Defendants provides for an exception if, at the time it was made, the promisor had no intention of following through with the promise. Id. (quoting Wilson v. S & L Acquisition Co., LP, 940 F.2d 1429, 1439 (11th Cir.1991)). The Amended Complaint, however, does not allege that Defendants had no intention of following through with the promise at the time it was made or that Defendant Wingo should have known that Angel Food would not fulfill the promise.[3] The exception thus does not apply in this case. See id.

As a result, NET has failed to state a claim upon which relief may be granted. If Defendants made a representation, which was promissory in nature – applying only to an intent to act in the future – NET's redress for injuries stemming from the alleged broken promise is found in contract law, not tort. See Snapping Shoals, 2005 WL 3434803 at *6; Tom Hughes Marine, Inc. v. American Honda Motor Co., Inc., 219 F.3d 321, 325 (4th Cir. 2000) (applying similar South Carolina law). Defendants' motion as to this claim is accordingly due to be granted.

D. Count V – Attorneys Fees

In the final Count of the Amended Complaint, NET attempts to state a claim for attorneys fees. Defendants argue that this Count must be dismissed because NET does not allege any facts that support the conclusion Defendants have acted in bad faith, been stubbornly litigious, or caused

---

[3] "The theory of liability for negligent misrepresentation generally applies to the professional defendants only, who provide information that is false through failure to exercise reasonable care or competence in obtaining information that is relied upon by a third party and such reliance is foreseeable." Marquis Towers, Inc. v. Highland Group, 265 Ga. App. 343, 347, 593 S.E.2d 903 (2004) (citing Smiley v. S & J Investments, 260 Ga. App. 493, 496(2), 580 S.E.2d 283 (2003)).

12

NET unnecessary trouble and expense as to be entitled to attorneys fees under O.C.G.A. § 13-6-11. McClelland v. First Ga. Comty. Bank, 2010 WL 3199349 * 4 (M.D. Ga., Aug. 12, 2010).

Obviously, a "general prayer for 'such other just and equitable relief as this Court may deem proper and necessary" is not sufficient to state a claim for attorney fees." In re Estate of Adriance, 269 Ga. App. 157, 157, 603 S.E.2d 521 (2004). Count V of the Amended Complaint, however, plainly alleges that "Defendants have acted in bad faith, have been stubbornly litigious, and have caused NET unnecessary trouble and expense," as is required to state a claim for attorneys fees under O.C.G.A. § 13-6-11. The factual allegations in the Amended Complaint, which were specifically incorporated into Count V by reference, further allege that Defendants negotiated an agreement stating that Angel Food would pay NET rate incentive compensation, represented that the compensation would in fact be paid, and accepted the benefit of such savings, but later refused (and continues to refuse) to compensate NET as promised – forcing NET to file suit.

As discussed above, to withstand a motion to dismiss, a complaint need only state sufficient "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 129 S. Ct. at 1949. The Court finds that factual allegations in the Amended Complaint regarding the claim for attorneys fees satisfy this standard. If true, the facts alleged may support a finding that Defendant Angel Food has, in fact, acted in bad faith, been stubbornly litigious, and caused NET unnecessary trouble and expense by wrongfully refusing to comply with the terms of the written agreement. To this extent, Defendants' Motion must be denied.

For the reasons discussed above, however, NET has failed to allege any personal misconduct by Defendant Wingo. According to the allegations in the Amended Complaint, Defendant Wingo acted only as an agent of Angel Food in this transaction and cannot be said to have acted in bad faith or litigiously in his personal capacity, apart from his role of employee of Angel Food. NET,

13

therefore, cannot state a claim for attorneys fees against Wingo. The present Motion is thus due to be granted as to NET's claim for attorney's fees against Defendant Wingo.

## CONCLUSION

Accordingly, Defendants' Partial Motion to Dismiss is hereby **GRANTED in part** and **DENIED in part**. Count IV and all claims against Defendant Wingo are dismissed. Counts I, II, III, and V of the Amended Complaint, on the other hand, may proceed as pled against Defendant Angel Food.

It is SO ORDERED this 12th day of July, 2011.

                                            S/ C. Ashley Royal
                                            C. ASHLEY ROYAL, JUDGE
                                            UNITED STATES DISTRICT COURT

jlr